1  PILLSBURY WINTHROP LLP
   BENJAMIN L. WEBSTER 132230
2  MICHAEL J. DAPONDE 204283
   400 Capitol Mall, Suite 1700
3  Sacramento, CA 95814-4419
   Telephone: (916) 329-4700
4  Facsimile: (916) 441-3583

5  Attorneys for Plaintiff
   COMMUNICATIONS CENTER, INC.

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10                  SACRAMENTO DIVISION

11  _____
                                       )
12  COMMUNICATIONS CENTER, INC., a      )      No. CIV. S-03-1968 WBS KJM
    District of Columbia corporation,   )
13                                      )      DECLARATION OF MICHAEL J.
                   Plaintiff,           )      DAPONDE IN SUPPORT OF
14                                      )      REQUEST FOR ATTORNEYS' FEES
         vs.                            )      RE MOTION FOR SANCTIONS
15                                      )
    MATTHEW J. HEWITT, an individual;   )      Initial Hearing Date: 12/01/04
16  PACIFIC CREST RESEARCH              )      Evidentiary Hearing Date: 02/22/05
    CORPORATION, a Washington           )      Time: 10:00 a.m.
17  corporation,                        )      Courtroom: 26
                                        )
18                 Defendants.          )      Magistrate Judge: Kimberly J. Mueller
    _____ )
19

20

21       I, Michael J. Daponde, declare as follows:

22       1.    I am a senior associate at the law firm of Pillsbury Winthrop LLP ("Pillsbury

23  Winthrop"), which has been retained by Plaintiff Communications Center, Inc. ("CCI") to

24  represent it in the above-entitled action. I am a member of the State Bar of California and

25  admitted to practice before the courts of this state. I have been actively involved in this

26  matter from the beginning of the litigation. I have personal knowledge of matters stated

27  herein, and if called as a witness to testify, I could and would testify competently

28  concerning the matters stated herein.

1    2.    Without waiving the attorney-client privilege or the attorney work product

2    doctrine, CCI submits the following information to the Court.  Attached hereto as Exhibit 1

3    is a chart summarizing the work performed by CCI's attorneys, paralegals, and computer

4    expert in this matter, the amount of time worked, and the total dollar amount billed.  The

5    chart is broken down by categories of activities performed.  The dollar amounts reflected on

6    the chart were billed to and paid by CCI. [1]  I reviewed the bills sent to CCI for work

7    performed from June through November 2004 and the time entries for December 2004; I

8    prepared the attached chart (with the assistance of office personnel) using the information

9    contained in Pillsbury Winthrop's bills to CCI.  The actual bills are not included because of

10   the privileged nature of the information contained therein; CCI does not want that

11   information to become part of the public record.  However, if the Court believes that a

12   review of these records will assist in its determination of the fees issue, CCI is prepared to

13   submit redacted versions of the actual bills to the Court for an in camera review.

14   3.    In preparing Exhibit 1, I discovered that in my initial declaration, I

15   mistakenly reported the hourly rates for the attorneys and staff working on this matter

16   without accounting for the discount CCI currently receives on its bills.  The hourly rates

17   listed in Exhibit 1 properly take into account the discount and reflect the fees actually billed

18   to CCI and paid by CCI (through and including the bill for November) and fees to be billed

19   for December 2004.

20   4.    The individuals listed in Exhibit 1 whose time was billed to CCI are as

21   follows: (1) Benjamin Webster, a 1987 graduate of University of Virginia School of Law;

22   (2) Michael J. Daponde, a 1999 graduate of the University of the Pacific, McGeorge School

23   of Law; (3) Carrie Bonnington, a 2003 graduate of the University of the Pacific, McGeorge

24   School of Law; (4) Andrew Bluth, a 2004 graduate of the University of California, Davis

25   School of Law; (5) Octavio Filippini, a paralegal with approximately 15 years of litigation

26   experience with Pillsbury Winthrop; (6) Emily Barrett, a paralegal and current University

27   _____

[1] Time for December 2004 has not yet been billed to CCI.

28

1  of the Pacific, McGeorge School of Law student; and (7) Mark Menz, CCI's forensic

2  computer expert.  Each person's respective rates for this matter are listed in Exhibit 1.

3       I declare under penalty of perjury under the laws of the State of California that the

4  foregoing is true and correct.

5       Executed this January 4, 2005, at Sacramento, California.

6

7                              Michael J. Daponde

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEC. OF M. J. DAPONDE IN SUPPORT OF REQUEST FOR
ATTORNEYS' FEES RE MOTION FOR SANCTIONS
Case No. CIV. S-03-1968 WBS KJM

# EXHIBIT 1

**SUMMARY OF TIMEKEEPER FEES BILLED TO PLAINTIFF RE: MOTION FOR SANCTIONS**
**Communications Center, Inc. v. Hewitt, et al.**

| Activities | Timekeepers | Billing Rates | Hours Billed | Amounts Billed |
|---|---|---|---|---|
| 1. Review Court's May 2004 order; review disks sent by opposing counsel; communications with opposing counsel re: disks, etc.; analyze strategy; communications with client re: disks, strategy, etc.; consult with IT experts re: disks (June-July 2004) | | | | |
| | Webster, B. | $365.00 | 0.9 | $328.50 |
| | Daponde, M. | $323.00 | 10.4 | $3,359.20 |
| | | | | |
| | Total | | | $3,687.70 |
| 2. Coordinate forensic examination of hard drives; communications with opposing counsel re: hard drives, strategy, etc.; communications with client re: hard drives, etc.; communications with experts re: hard drives, etc. (Aug-Sept. 2004) | | | | |
| | Webster, B. | $365.00 | 0.4 | $146.00 |
| | Daponde, M. | $323.00 | 2.1 | $678.30 |
| | Bonnington, C. | $221.00 | 2.5 | $552.50 |
| | Mayfield, T. [1] | | 1.0 | $0.00 |
| | Poteet, M. [2] | | 0.5 | $0.00 |
| | | | | |
| | Total | | | $1,376.80 |

| | | | | |
|---|---|---|---|---|
| 3. Research re: spoliation of evidence, appropriate sanctions, default judgment, etc.; analysis of legal strategy; drafting of legal analysis; communications with opposing counsel re: hard drives, etc.; communications with client re: potential courses of action, etc.; communications with expert re: hard drives, etc. (Aug.-Sept. 2004) | | | | |
| | Webster, B. | $365.00 | 1.4 | $511.00 |
| | Daponde, M. | $323.00 | 12.7 | $4,102.10 |
| | Bonnington, C. | $221.00 | 21.1 | $4,663.10 |
| | | | | |
| | Total | | | $9,276.20 |
| | | | | |
| 4. Review and analysis of hard drives (Aug.-Oct. 2004) | | | | |
| | Filippini, O. | $170.00 | 28.0 | $4,760.00 |
| | Menz, M. | $150.00 | 39.0 | $5,850.00 |
| | | | | |
| | Total | | | $10,610.00 |
| | | | | |

| 5. Drafting of Moving Papers; review and analysis of key cases; communications with opposing counsel re: hard drives, etc.; communications with client re: motion, declarations, exhibits, etc.; communications with expert re: hard drives, declaration, etc. (Sept.-Oct. 2004) | | | | |
|---|---|---|---|---|
| | Webster, B. | $365.00 | 17.1 | $6,241.50 |
| | Daponde, M. | $323.00 | 86.8 | $28,036.40 |
| | Bonnington, C. | $221.00 | 87.5 | $19,337.50 |
| | Barrett, E. | $115.00 | 5.7 | $655.50 |
| | | | | |
| | Total | | | $54,270.90 |
| | | | | |
| 6. Review and analysis of opposition papers; drafting of reply papers; communications with client re: papers, etc.; communications with expert re: papers, etc. (Nov. 2004) | | | | |
| | Webster, B. | $365.00 | 14.6 | $5,329.00 |
| | Daponde, M. [3] | $323.00 | 35.9 | $11,595.70 |
| | Bonnington, C. [4] | $221.00 | 27.0 | $5,967.00 |
| | Bluth, A. [5] | $220.00 | 7.4 | $1,628.00 |
| | Scharn, B. [6] | | 3.8 | $0.00 |
| | Barrett, E. [7] | | 2.1 | $0.00 |
| | | | | |
| | Total | | | $22,891.70 |
| | | | | |

| 7. Prepare for and attend Dec. 1, 2004 hearing; communications with client re: same (Nov.- Dec. 2004) | | | | |
|---|---|---|---|---|
| | Webster, B. | $365.00 | 2.3 | $839.50 |
| | Daponde, M. [8] | $323.00 | 4.2 | $1,356.60 |
| | | | | |
| | **Total** | | | $2,196.10 |
| | | | | |
| 8. Post-hearing follow-up research; draft letter brief per Court's request; communications with client re: same; communications with expert re: evidentiary hearing (Dec. 2004) | | | | |
| | Webster, B. | $365.00 | 3.6 | $1,314.00 |
| | Daponde, M. | $323.00 | 5.4 | $1,744.20 |
| | Bonnington, C. | $221.00 | 3.7 | $817.70 |
| | | | | |
| | **Total** | | | $3,875.90 |
| | | | | |
| | **Total Timekeeper Fees Billed:** | | | $108,185.30 |

1. The actual time Mr. Mayfield worked on tasks described herein was 1.0 hours. However, CCI was not billed for this time per arrangement with client.

2. The actual time Ms. Poteet worked on tasks described herein was 0.5 hours. However, CCI was not billed for this time per arrangement with client.

3. The actual time Mr. Daponde worked on tasks described herein was 50.8 hours. However, CCI was only billed for 35.9 such hours per arrangement with client.

4. The actual time Ms. Bonnington worked on tasks described herein was 38.8 hours. However, CCI was only billed for 27 such hours per arrangement with client.

5. The actual time Mr. Bluth worked on tasks described herein was 26.9 hours. However, CCI was only billed for 7.4 such hours per arrangement with client.

6. The actual time Ms. Scharn worked on tasks described herein was 3.8 hours. However, CCI was not billed for this time per arrangement with client.

7. The actual time Ms. Barrett worked on tasks described herein was 2.1 hours. However, CCI was not billed for this time per arrangement with client.

8. The actual time Mr. Daponde worked on tasks described herein was 5.2 hours. However, CCI was only billed for 4.2 such hours per arrangement with client.