PILLSBURY WINTHROP LLP
BENJAMIN L. WEBSTER  132230
MICHAEL J. DAPONDE  204283
CARRIE L. BONNINGTON  227570
400 Capitol Mall, Suite 1700
Sacramento, CA  95814-4419
Telephone:  (916) 329-4700
Facsimile:  (916) 441-3583

Attorneys for Plaintiff
COMMUNICATIONS CENTER, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| COMMUNICATIONS CENTER, INC., a District of Columbia corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW J. HEWITT, an individual; PACIFIC CREST RESEARCH CORPORATION, a Washington corporation,<br><br>Defendants. | No. CIV. S-03-1968 WBS KJM<br><br>OBJECTION TO NUNC PRO TUNC DECLARATION OF ROBIN PERKINS AND RENEWAL OF REQUEST FOR LIQUIDATED DAMAGES PURSUANT TO PROTECTIVE ORDER<br><br>Hearing Date:  12/01/04<br>Evidentiary Hearing Date:  02/22/05<br>Time:  10:00 a.m.<br>Courtroom:  26<br><br>Magistrate Judge: Kimberly J. Mueller |

I.  **OBJECTION TO NUNC PRO TUNC DECLARATION OF ROBIN PERKINS.**

1.  Plaintiff Communications Center, Inc. ("CCI") objects to the Nunc Pro Tunc Declaration of Robin Perkins ("Nunc Pro Tunc Perkins Declaration") on the grounds that it fails to comply with the Court's order dated December 16, 2004. The Court ordered that a nunc pro tunc declaration be filed "as proposed in plaintiff's motion." In that motion (i.e., CCI's Amended Request to Unseal Portions of the Record) ("Amended Request to Unseal"), CCI proposed that Exhibit 18 of the Schleifer Deposition (found at Exhibit Q of the original Perkins declaration) be excluded from the nunc pro tunc declaration. See Amended Request to Unseal, ¶ 17. However, Exhibit 18 was not excluded from the Nunc

1  Pro Tunc Perkins Declaration.

2  II.  **RENEWAL OF REQUEST FOR LIQUIDATED DAMAGES PURSUANT TO THE PROTECTIVE ORDER.**
3

4  2.  At the December 1, 2004 hearing on CCI's Motion for Sanctions,
5  Defendants' counsel represented that all of Defendants' opposition papers, including the
6  original Perkins declaration, were filed under seal, despite the fact that copies served on
7  CCI indicated that only one of these papers (Defendants' Objections to Plaintiff's
8  Evidence) bore the inscription "UNDER SEAL – DO NOT OPEN WITHOUT COURT
9  ORDER." Based on counsel's representation, CCI withdrew its request for liquidated
10 damages. CCI has since learned that, indeed, only the evidentiary objections were filed
11 under seal; Defendants' other opposition papers, including the original Perkins declaration,
12 were not. See Declaration of Michael J. Daponde In Support of Objection to Nunc Pro
13 Tunc Declaration of Robin Perkins and Renewal of Request for Liquidated Damages
14 Pursuant to the Protective Order (filed herewith) ("Daponde Decl."), ¶ 4. Among the
15 documents, pages 202-03 from the Schleifer deposition (found at Exhibit D of the original
16 Perkins declaration) – portions of which have been designated "Confidential - Attorneys'
17 Eyes Only" – were not filed under seal and are now a part of the public record, in violation
18 of the Protective Order. Id. Accordingly, CCI renews its request for liquidated damages as
19 described below.

20 3.  Pursuant to paragraph 8 of the Protective Order, "all Documents containing
21 'Confidential' or 'Confidential – Attorneys Only' information that are submitted to the
22 Court" shall be filed under seal until further order of this Court. Pursuant to paragraph 12
23 of the Protective Order, unauthorized disclosure of confidential information "in violation of
24 [the] Protective Order shall require the breaching party to pay the non-breaching party
25 liquidated damages in the amount of $5,000 for each item of Confidential Information used
26 or disclosed in violation of [the] Protective Order."

27 4.  On September 24, 2004, CCI indicated its designations of the deposition
28 transcripts of Robert Schleifer, Donald Yesnik, and Walter Clinton. CCI submitted a

81406v1 - 2 -

OBJECTION TO NUNC PRO TUNC DECLARATION OF ROBIN PERKINS AND RENEWAL OF REQUEST FOR LIQUIDATED DAMAGES PURSUANT TO PROTECTIVE ORDER
Case No. CIV. S-03-1968 WBS KJM

1  detailed list of each portion of the transcripts that was to be designated "Confidential –

2  Attorneys' Eyes Only," and designated the remainder of each transcript "Confidential."

3  Daponde Decl., Exh. 1.

4      5.    On November 17, 2004, Defendants included excerpts from each transcript

5  among the papers they filed in opposition to CCI's motion without filing such excerpts

6  under seal. Five items that were designated "Confidential – Attorneys' Eyes Only" were

7  improperly included at Exhibit D of the original Perkins declaration (Schleifer Dep. at

8  202:11, 16, 17, 203:20). <u>See</u> Daponde Decl., Exh. 1. These "Confidential – Attorneys'

9  Eyes Only" documents contain, among other things, references to proprietary financial data

10 about CCI.

11     6.    Defendants should be required to pay $5,000 for each violation of the

12 Protective Order, per its express terms.

13 Dated: January 12, 2005         PILLSBURY WINTHROP LLP
                                    BENJAMIN L. WEBSTER
14                                  MICHAEL J. DAPONDE
                                    CARRIE L. BONNINGTON
15                                  400 Capitol Mall, Suite 1700
                                    Sacramento, CA  95814-4419
16

17
                                    By _____
18                                      Michael J. Daponde
                                    Counsel for Plaintiff
19                                  COMMUNICATIONS CENTER, INC.

20

21

22

23

24

25

26

27

28