PILLSBURY WINTHROP LLP
BENJAMIN L. WEBSTER  132230
MICHAEL J. DAPONDE  204283
CARRIE L. BONNINGTON  227570
400 Capitol Mall, Suite 1700
Sacramento, CA  95814-4419
Telephone:  (916) 329-4700
Facsimile:  (916) 441-3583

Attorneys for Plaintiff
COMMUNICATIONS CENTER, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| COMMUNICATIONS CENTER, INC., a District of Columbia corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>MATTHEW J. HEWITT, an individual; PACIFIC CREST RESEARCH CORPORATION, a Washington corporation,<br><br>            Defendants. | No. CIV. S-03-1968 WBS KJM<br><br>PLAINTIFF CCI'S REPLY TO "DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO NUNC PRO TUNC DECLARATION OF ROBIN K. PERKINS; DEFENDANTS' RENEWED OPPOSITION TO PLAINTIFF'S RENEWED REQUEST FOR LIQUIDATED DAMAGES PURSUANT TO PROTECTIVE ORDER"<br><br>Hearing Date: 12/01/04<br>Evidentiary Hearing Date: 02/22/05<br>Time: 10:00 a.m.<br>Courtroom: 26<br><br>Magistrate Judge: Kimberly J. Mueller |

Plaintiff Communications Center, Inc. ("CCI") submits this reply to clear up some misstatements made by Defendants in "Defendants' Response to Plaintiff's Objection to Nunc Pro Tunc Declaration of Robin K. Perkins; Defendants' Renewed Opposition to Plaintiff's Renewed Request for Liquidated Damages Pursuant to Protective Order" ("Response"). Defendants erroneously assert that (1) CCI's counsel did not contact Defendants' counsel prior to filing its objection; (2) CCI did not indicate that Exhibit Q should be redacted as part of the nunc pro tunc declaration; and (3) Defendants followed the procedures set out in the Protective Order when they filed their opposition papers.

Defendants contend that CCI "could have simply made one telephone call to resolve

1  any issue with regard to the Nunc Pro Tunc Declaration." Response at 1:24-26. In fact,
2  CCI's counsel did call Defendants' counsel prior to CCI's filing; Mr. Daponde spoke with
3  Mr. Wohl on January 11, 2005 regarding the issues herein and advised him that CCI was
4  planning to file the pleading in question. Declaration of Michael J. Daponde in Support of
5  Objection to Nunc Pro Tunc Declaration of Robin Perkins and Renewal of Request for
6  Liquidated Damages Pursuant to Protective Order ("Daponde Renewal Decl."), ¶ 6.
7  Defendants' contention misses the point. In addition to being inaccurate, because the
8  original declaration was not filed under seal, the Protective Order had already been violated
9  when Defendants made protected items part of the public record. Similarly, once the nunc
10 pro tunc declaration was filed without all appropriate redactions, the Court's December 17,
11 2004 order had already been violated. At that point, the items CCI had taken the time to
12 protect from public disclosure had been made public (Exhibit Q twice). Nothing further
13 could be done to rectify the situation. Defendants provide no authority supporting the claim
14 that Defendants could have "remove[d] Exhibit Q" once it was filed with the Court and
15 made a part of the public record.[1] See Response at 3:14-15.
16      Defendants attempt to excuse their failure to make proper redactions in the nunc pro
17 tunc declaration by stating that CCI did not "clearly" identify Exhibit Q of the original
18 Perkins declaration. Response at 3:12-14. However, CCI did clearly identify the items
19 requiring redaction in its Amended Request to Unseal Portions of the Record ("Amended
20 Request to Unseal"). CCI requested that the following document, among others, remain
21 sealed:
22      Schleifer Deposition exhibit 18, attached as part of Exhibit Q of the
        Declaration of Robin Perkins, Esq., in support of Defendants' Opposition.
23

---

[1] Defendants' assertion that "the five lines of deposition testimony at issue do not reveal CCI's proprietary information" also misses the point. Notwithstanding the fact that such information "reflect[s] confidential revenue information that is competitively sensitive" (see CCI's Amended Request to Unseal, ¶ 16), the deposition testimony was unambiguously marked "Confidential – Attorneys Eyes Only" pursuant to the Protective Order, and Defendants made no attempt to challenge that designation pursuant to paragraph 9 of the Protective Order. By virtue of the designation alone, the material was not to be disclosed.

> This exhibit is an internal e-mail between CCI's officers containing sensitive personnel information of an employee.

Amended Request to Unseal, ¶ 17 (emphasis added). Defendants' failure to review this language – in the face of an order from this Court to submit a <u>nunc pro tunc</u> declaration consistent with this request – is not excusable error.

Finally, in their Response, Defendants assert that they used "reasonable care" in filing their opposition papers. <u>See</u> Response at 2:12-20. However, such is not the specific standard set forth in the Protective Order entered by this Court for the filing of confidential documents under seal. Paragraph 8 of the Protective Order establishes this procedure:

> ... all Documents that are submitted to the Court shall be filed in sealed envelopes or other appropriate sealed containers. The envelope or container shall be labeled "Under Seal – Do Not Open Without Court Order," shall be accompanied by a copy of this order....

Protective Order, ¶ 8; <u>see also</u> Local Rule 39-140 (requiring when filing a document under seal, "[t]he paper document must have a cover page with the caption and number of the action and prominent designation stating the following: 'Document filed under seal.'"). Defendants' failure to comply with the Protective Order and the Local Rules, by labeling only one of the several opposition documents filed by Defendants (<u>i.e.</u>, the Objections to Evidence), shows that Defendants did not exercise "reasonable care" attempting to file their papers under seal. Regardless, it is not dispositive whether "reasonable care" was used because the Protective Order provides for liquidated damages for "any use or disclosure of Confidential Information in violation of [the] Protective Order...." Thus, whether or not Defendants intended to violate the Protective Order, they did.

Based on the above and the discussion set forth in CCI's Renewal of Request for Liquidated Damages Order, Defendants should be required to pay $5,000 for each violation of the Protective Order, per its express terms.

Dated: January 19, 2005

PILLSBURY WINTHROP LLP

By _____
Counsel for Plaintiff
COMMUNICATIONS CENTER, INC.