UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

COMMUNICATIONS CENTER, INC.,

        Plaintiff,

   v.

MATTHEW J. HEWITT, and PACIFIC CREST RESEARCH CORPORATION,

        Defendants.

NO. CIV. S-03-1968 WBS KJM

MEMORANDUM AND ORDER RE: DISCOVERY SANCTIONS

----oo0oo----

The assigned magistrate judge in this case issued findings and recommendations on April 5, 2005 in which she recommended sanctioning defendants for their violation of a discovery order. The magistrate judge recommended that the sanction be in the form of an order striking defendants' answer and entering a default against defendants on certain causes of action of the complaint. The magistrate judge also ordered defendants to pay plaintiff's attorneys' fees incurred in bringing the motion for sanctions in the amount of $145,811.75. This court now reviews those findings pursuant to Rule 72 of the Federal Rule of Civil Procedure.

1

///

///

I. <u>Factual and Procedural Background</u>

Defendant Hewitt was formerly employed by plaintiff Communications Center, Inc. ("CCI"). After his departure, Hewitt started his own business, defendant Pacific Crest Research Corporation. ("PCRC"). Plaintiff alleges that defendants committed fraud, misappropriated trade secrets, interfered with prospective economic advantage, engaged in unfair competition, illegally intercepted communications, and breached confidentiality and confidence. (Compl.).

On May 20, 2004, the magistrate judge ordered defendants to

> provide, for copying and inspection, a compact disc containing mirror images of any hard drives of the computers in defendants' possession that contain documents responsive to plaintiff's request for production of documents. Said production initially will be identified for "Attorney's Eyes Only" and subject to the protective order previously entered in this action. Following the production, the parties will cooperate in good faith to eliminate entirely from documents relevant to this action the "Attorney's Eyes Only" designation, or to redesignate such documents as "Confidential," to the extent possible and consistent with the protective order.

(May 20, 2004 Order at 1-2). "Mirror images" replicate "bit for bit, sector for sector, all allocated and unallocated space, including slack space, on a computer hard drive." (April 5, 2005 Findings and Recommendations at 3).

Defendants do not dispute that they did not produce mirror images as ordered. Instead, defendants produced three compact discs on May 28, 2004 representing some of the information on the relevant computers. Defendants produced ten

2

more CDs on July 6, 2004.  (Id.).

On or about July 13 through July 16, 2004, defendant Hewitt installed a program called Evidence Eliminator on three of the four computer hard drives at issue in this case.  Hewitt reformatted the fourth hard drive.  (Id.).  Hewitt claims he ran Evidence Eliminator on the three hard drives to eliminate internet histories containing pornographic images and also to eliminate any evidence of an on-line dalliance with a woman other than his wife.  (Id.).  Subsequently, defendant Hewitt produced mirror images of all four hard drives.  (Id.).  Plaintiff's computer forensic expert testified before the magistrate judge that Hewett's actions prevented mirror images of the hard drives as they existed on May 20, 2004 from being produced.  (Id. at 4).

On April 5, 2005, the magistrate judge issued her findings and recommendations regarding sanctions for defendants' disobeying her order.  The magistrate judge applied the five factors in Malone v. United States Postal Service, 833 F.2d 128 (9th Cir. 1987), to arrive at the recommendation that a default judgment be entered against defendants on all of plaintiff's causes of action except for breach of the employment agreement and fraud.          Defendants timely filed objections.

II. Discussion

  A. Recommended Sanction

The court reviews de novo the magistrate judge's recommendation that default judgment be entered against defendants.  Fed. R. Civ. P. 72(b).

    1. Hewitt's Willfulness, Fault, or Bad Faith

The sanction of default may only be imposed when the

3

sanctioned party's noncompliance was due to willfulness, fault, or bad faith. Henry v. Gill Indus., Inc., 983 F.2d 943, 946 (9th Cir. 1993).

Defendants argue that Hewitt's conduct was unintentional and that therefore the Henry requirements are not met. Hewitt claims that he did not know that a "mirror image" was something more than a mere copy of all the readily accessible documents on the hard drive, and that therefore he provided in good faith that which he thought the court had ordered.[1] Hewitt further argues that he was just trying to prevent embarrassing information from being made public. (Defs.' Separate Statement of Objections to Findings and Recommendations ¶ 4).

Hewitt presented the same theories to the magistrate judge and she found Hewitt not credible. (April 5, 2005 Findings and Recommendations at 4). This court agrees. If the magistrate judge had intended to simply order copies of files that were easily accessed on the hard drive to be produced, she could have done so. Instead, the order required defendants to produce mirror images of the hard drives. "Mirror images" is not an obscure term: there are several well-known computer programs available to create these mirror images, and an internet search using the terms "mirror image hard drive" identifies numerous web sites that make these programs available. Defendants would have the court believe that both defendants' counsel and defendants not only did not know what a "mirror image" was, but that they did not bother to find out. The magistrate judge had good reason

---

[1] A "mirror image" recreates the hard drive as it is, including files removed from easy accessibility.

4

to find this explanation not credible.  Further, a person acting in good faith would not have purchased and run the aptly named program "Evidence Eliminator" on hard drives which are central to the opposing party's case, which that person was ordered to produce, and which he had not yet produced.  At the time Hewitt ran the Evidence Eliminator program, he <u>knew</u> that he had not yet complied with the order and would have to produce true mirror images of the relevant hard drives.  (<u>See</u> Defs.' Separate Statement of Objections to Findings and Recommendations ¶ 4)(stating that Hewitt purchased and ran Evidence Eliminator after realizing he had not yet provided "mirror images" to opposing counsel).

As to defendants' argument that Hewitt was only seeking to prevent embarrassing personal information from being made public, Hewitt knew that all information on the hard drives was for "attorneys' eyes only" and would not be made public, and therefore this argument fails.  (Daponde Supp. Decl. Ex. Q (Hewitt deposition) at 51-52).  The magistrate judge properly found that Hewitt acted willfully in disobeying her discovery order.

2. <u>The Malone Factors</u>

Under <u>Malone</u>, five factors must be weighed in determining whether the sanction of default for noncompliance with discovery is appropriate: "(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

sanctions." 833 F.2d at 130. When a party violates a court order, the first and second factors will favor sanctions and the fourth factor will weigh against sanctions. Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004). Whether the default sanction is appropriate in this case therefore depends on the third and fifth Malone factors. See id.

### a. The Risk of Prejudice to CCI

Defendants argue that "Hewitt has not destroyed or withheld one single document on computer hard drive numbers one, two or three that in any way relate[s] to any of CCI's claims." (Defs.' Separate Statement of Objections to Findings and Recommendations ¶ 7). However, Hewitt himself testified at his deposition and at the hearing before the magistrate judge that he has no idea how many files or what files he destroyed. (Daponde Supp. Decl. Ex. Q (Hewitt deposition) at 430; Transcript of February 22, 2005 Proceedings Before Magistrate Judge Mueller at 126). The files that were wiped away by Hewitt are unrecoverable by even forensic software. (Transcript of February 22, 2005 Proceedings Before Magistrate Judge Mueller at 18). Therefore, it is unknowable whether those files, which Hewitt was ordered to produce as part of a mirror image, are prejudicial. Severe sanctions in such a situation are warranted.

### b. The Availability of Less Drastic Sanctions

Less drastic sanctions than default are available. The case of Kucala Enterprises, Ltd. v. Auto Wax Company, Inc., although not binding precedent, is persuasive. See 2003 WL 22433095 (N.D. Ill. Oct. 27, 2003). In that case, the plaintiff used Evidence Eliminator on software that the opposing party was

scheduled to inspect.  Id. at *2.  The court observed that although "the magistrate judge was unable to conclude that in fact Evidence Eliminator destroyed relevant files," the plaintiff, in using Evidence Eliminator, had "arrogated to himself the decision as to whether documents were relevant to the litigation."  Id. at *5  In addition, the Kucala court found that the plaintiff had committed other discovery misconduct.  Id. at *6.  The magistrate judge in that case had found the plaintiff's conduct to be "egregious" and "in flagrant disregard of a court order."  Id. at *5.  Nevertheless, the district court rejected the magistrate judge's recommendation of dismissal.  Instead, the court held that the jury would be permitted to hear testimony regarding the plaintiff's use of Evidence Eliminator and draw negative inferences from that conduct.  Id. at 7.

　　　　　This court will follow the approach taken by the Kucala court.  The court has an interest in deciding cases on the merits.  Olvera v. Giurbino, 371 F.3d 569, 573 (9th Cir. 2004).  Although the court will not order that defendants' answer be stricken or that default be entered against them, it will allow plaintiff to present evidence of all the circumstances surrounding Hewitt's use of Evidence Eliminator and his reformating of the hard drive.  The jury will be allowed to form its own opinions about the credibility of his explanation, including the sordid details of his alleged cyber-affair.  The jury will also be instructed to the effect that if it finds Hewitt intentionally destroyed evidence it may infer that the evidence was damaging to Hewitt and favorable to plaintiff.
///

B. <u>Attorneys' Fees</u>

A magistrate judge's order awarding attorneys' fees as a sanction for discovery abuse is reviewed by a district court under Rule 72(a) since the sanction is nondispositive. <u>Grimes v. City and County of San Francisco</u>, 951 F.2d 236, 239 (9th Cir. 1991). Therefore, the court reviews the magistrate's order of attorneys' fees as a sanction under the "clearly erroneous or contrary to law" standard of Rule 72(a).

The magistrate judge found that, after <u>in camera</u> review, "the billing records are sufficiently detailed and the amount billed reasonable so as to support plaintiff's request for fees and costs in the amount of $145,811.75." (April 5, 2005 Findings and Recommendation at 6).[2] Plaintiff's counsel has provided the court with a detailed accounting of the time spent to prepare this motion, and after <u>in camera</u> review, the court finds that the magistrate judge's order is not clearly erroneous or contrary to law. <u>See</u> Fed. R. Civ. P. 72(a). The amounts charged per attorney and the time spent on the motion were reasonable.

IT IS THEREFORE ORDERED THAT:

(1) the parties may present evidence to the fact-finder concerning defendant Hewitt's use of Evidence Eliminator and his reformatting of a hard drive;

(2) the fact-finder may form a negative inference against defendants on all plaintiff's causes of action except

---

[2] Defendants neither objected in their papers nor at oral argument to the <u>in camera</u> nature of the magistrate judge's review of the billing records.

breach of the employment agreement and fraud, based on Hewitt's use of Evidence Eliminator and his reformatting of a hard drive;

(3) the magistrate judge's award of attorneys' fees in the amount of $145,811.75 be, and the same hereby is, AFFIRMED.

DATED: June 24, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE