1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   BENJAMIN L. WEBSTER  132230
2  MICHAEL J. DAPONDE  204283
   CARRIE L. BONNINGTON 227570
3  400 Capitol Mall, Suite 1700
   Sacramento, CA  95814-4419
4  Telephone: (916) 329-4700
   Facsimile: (916) 441-3583
5
   Attorneys for Plaintiff
6  COMMUNICATIONS CENTER, INC.

7

8
                     UNITED STATES DISTRICT COURT
9
                    EASTERN DISTRICT OF CALIFORNIA
10
                        SACRAMENTO DIVISION
11

12  _____ )
    COMMUNICATIONS CENTER,             )  No. CIV-S-03-1968 WBS KJM
13  INC., a District of Columbia        )
    corporation,                        )  MEMORANDUM OF POINTS AND
14                                       )  AUTHORITIES IN SUPPORT OF CCI'S
                         Plaintiff,      )  MOTION TO COMPEL PROMPT
15                                       )  COMPLIANCE WITH THE COURT'S
             vs.                         )  ORDER RE SANCTIONS
16                                       )
    MATTHEW J. HEWITT, an               )  Date:  August 8, 2005
17  individual; PACIFIC CREST           )  Time: 1:30 p.m.
    RESEARCH CORPORATION, a             )  Courtroom:  5
18  Washington corporation,             )  Judge: Hon. William B. Shubb
                                         )
19                       Defendants.     )
    _____ )
20

21          Plaintiff Communications Center, Inc. ("CCI") respectfully submits the following

22  Memorandum of Points and Authorities in support of its Motion to Compel Prompt

23  Compliance with the Court's Order re Sanctions against Defendants Matthew J. Hewitt

24  ("Hewitt") and Pacific Crest Research Corporation ("Pacific Crest") (collectively,

25  "Defendants").

26  I.     INTRODUCTION.

27          On June 24, 2005, this Court determined that Magistrate Kimberly J. Mueller

28  "properly found that Hewitt acted willfully in disobeying her discovery order" and affirmed

1   the Magistrate's award of $145,811.75 in attorneys' fees in favor of CCI (the June 24, 2005

2   order is referred to herein as the "Order" and the "Sanction").  Order at 5, 8-9.  In issuing its

3   ruling, the Court relied on the reasoning of the District Court in Kucala Enterprises, Ltd v.

4   Auto Wax Co., Inc., 2003 U.S. Dist. LEXIS 19103; 57 Fed. R. Serv. 3d (Callaghan) 501

5   (N.D. Ill., October 27, 2003) (the "Kucala Sanction Order").  CCI now seeks prompt

6   compliance with that Order, i.e., payment of the $145,811.75.  The same Kucala court

7   provides the basis for granting such relief; the court ordered Kucala to pay half of the

8   $93,125.74 attorneys' fees sanction within 21 days or suffer the penalty of default.  See

9   Kucala Enterprises, Ltd. v. Auto Wax Co., Inc., 2004 U.S. Dist. LEXIS 5723, *2-3 (N.D.

10   Ill., April 6, 2004) (the "Kucala Attorneys' Fees Order").

11       CCI has requested that Defendants comply with the Court's Order and pay CCI the

12   attorneys' fees Sanction; however, Defendants have stated that payment would not be

13   forthcoming.[1]  Daponde Decl. ¶¶ 2-3.  CCI requests that this Court order Defendants to pay

14   the full amount of the Sanction within 21 days or suffer the penalty of default.  See Kucala

15   Attorneys' Fees Order, *2-3.  In the alternative, CCI requests that the Court, at a minimum,

16   order Defendants to pay half of the attorneys' fees Sanction and to post a bond for the other

17   half within 21 days or suffer the penalty of default.

18   II.    ARGUMENT.

19       A.    Hewitt must promptly comply with the Court's Order by paying the full

20                amount of the Sanction within 21 days.

21       Pursuant to Rule 37, when a party violates a discovery order, the court may "make

22   such orders in regard to the failure as are just."  Fed. R. Civ. Proc. 37(b)(2).  Rule 37 is

23   flexible; the court may, within reason, use as many and as varied sanctions as are necessary

24   to hold the scales of justice even.  Grimes v. San Francisco, 951 F.2d 236, 240-241 (9th Cir.

25   ––––––––––––––––––––

26   [1] On June 28, 2005, CCI's counsel, Michael J. Daponde, emailed Defendants' counsel, Christopher F. Wohl, asking when CCI should expect to receive the Sanction.  In subsequent conversations, Mr. Wohl made clear that CCI should not expect payment from

27   Defendants any time in the near future.  Declaration of Michael J. Daponde ("Daponde Decl.") ¶¶ 2-3.

28

85835v1

- 2 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
CCI'S MOTION TO COMPEL PROMPT COMPLIANCE WITH THE
COURT'S ORDER RE SANCTIONS

1   1991).  "Courts are invested with inherent powers that are governed not by rule or statute

2   but by the control necessarily invested in courts to manage their own affairs so as to achieve

3   the orderly and expeditious disposition of cases." Unigard Security Insurance Co. v.

4   Lakewood Engineering & Manufacturing Co., 982 F. 2d 363, 368 (9th Cir. 1992); see also

5   Perry v. O'Donnell, 759 F.2d 702, 705 (9th Cir. 1985) (citing Cook v. Ochsner Found.

6   Hosp., 559 F.2d 270, 272 (5th Cir. 1977)); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir.

7   1985).  Courts frequently impose strict deadlines within which parties are required to pay

8   sanctions before trial.  The court in Kucala determined that 21 days was an "appropriate

9   time frame to allow Kucala to pay" one-half of the $93,125.74 attorneys' fees sanction.

10  Kucala Attorneys' Fees Order, *11-12; see also In re Heritage Bond Litigation, 223 F.R.D.

11  527, 533 (N.D. Cal., 2004) (ordering the defendants to pay a $4,835 attorneys' fee sanction

12  within 14 days for Rule 37 violations); Jordan v. Creative Iron, Inc., 2000 U.S. Dist. LEXIS

13  10838, *4 (N.D. Cal., 2000) (awarding plaintiffs attorneys' fees incurred in bringing their

14  motion to remand, and ordering defendants to pay the sum within 14 days).

15         In the Kucala Sanction Order, the court granted Auto Wax's request for the default

16  sanction as to all causes of action that were affected by the use of Evidence Eliminator, and

17  "allowed Auto Wax a reasonable attorney's fee and expenses related to Kucala's

18  misconduct"; the court initially ordered Kucala to pay Auto Wax the fees and expenses

19  within five days or suffer default as to the remaining claim and defenses.  Kucala

20  Attorneys' Fees Order, *2-3.  Kucala brought a motion for reconsideration, asserting,

21  among other things, that the payment should be deferred to the end of the case.  Id., *8.

22  The court rejected Kucala's argument and ordered "payment of one-half of the sanction

23  immediately as a condition to Kucala's proceeding further in the case."  Id., *11 (emphasis

24  added).  The court also stated that it did "not agree with the broad proposition that it is

25  bound to defer payment of any sanction to the end of the case, even if that means the

26  plaintiff is without resources to fund the litigation on which it has embarked."  Id., *10-11.

27         This case is not only about hardship to Kucala; the court must also measure
        the unnecessary cost and delay, which has been substantial, imposed on the
28      victim of Kucala's conduct.  …  [T]he court is persuaded that 21 days is a

1    more appropriate time frame to allow Kucala to pay the initial portion of the
      [$93,125.74] award.

2

3    Id., *11-12 (emphasis added).

4         Here, it is important that Defendants promptly comply with this Court's Order to

5    pay CCI the attorneys' fees Sanction.  CCI is a victim of Hewitt's wholesale destruction of

6    evidence – prejudiced by Hewitt's misconduct in its ability to conduct thorough discovery

7    as ordered by the Court, and forced to incur unnecessary cost and delay in bringing this

8    misconduct to light.  Moreover, trial is quickly approaching and CCI will spend a

9    significant amount of time and money preparing for and conducting trial.  CCI is concerned

10   that it will be throwing good money after bad if it is required to ramp up for trial before

11   being paid the attorneys' fees Sanction it is owed.  Moreover, if a litigant that incurs such

12   significant costs in bringing egregious discovery violations to the Court's attention are

13   unable to recoup those costs, there will be no incentive in the future for other litigants to

14   shed light on similar misdeeds.  As such, CCI proposes that this Court order Hewitt to

15   comply with its Order no later than August 29 (21 days following the hearing on this

16   motion) by paying the full amount of the $145,811.75 Sanction.[2]

17   _____

18   [2] Requiring payment within 21 days of the full amount of the Sanction – as opposed to
     payment of one-half of the award as in Kucala – is reasonable here because the overall
19   sanction imposed on Hewitt in this case is less onerous than the sanction imposed on
     Kucala.  In Kucala, the Magistrate recommended the terminating sanction
20   (dismissal/default) on all of Kucala's claims and defenses.  Kucala Sanction Order, *22.
     By contrast here, CCI requested and the Magistrate recommended default on only those
21   causes of action that were directly affected by Hewitt's use of Evidence Eliminator.  In
     determining that Kucala intentionally violated a discovery order by using Evidence
22   Eliminator, the Kucala court adopted the Magistrate's recommendation with one
     exception and "barred all of Kucala's claims and defenses in this action, save Kucala's
23   claim of noninfringement (and corresponding defense to Auto Wax's counterclaim of
     infringement) and its defenses to Auto Wax's counterclaims for damages…."  Kucala
24   Attorneys' Fees Order, *2-3 (emphasis added).  The Kucala court's decision to allow the
     infringement issue to go forward was based on the fact that the destroyed evidence
25   "would not affect the substance" of that claim because infringement is "fundamentally a
     comparison of one process or device to the claims of a patent."   Kucala Sanction Order,
26   *19-20.  By comparison, this Court has permitted all causes of action to go to a jury, and
     will impose a "negative inference" instruction at trial.  Order at 9.  Thus, the primary
27   sanction in the present case – at least at this stage of the litigation – is the attorneys' fees
     award.  It would be fundamentally unfair if Hewitt were permitted to use his resources to
28   defend all causes of action at trial without first paying CCI the amount owed pursuant to
                                                                            (continued…)

1    B.    <u>If Hewitt fails to pay within 21 days, default should be granted in favor of</u>

2          <u>CCI.</u>

3    The Court should also follow the <u>Kucala</u> court's reasoning and order that default be

4    entered if Hewitt does not pay the full amount of the Sanction within 21 days.  As discussed

5    above, the <u>Kucala</u> court required Kucala to make prompt payment of attorneys' fees or

6    suffer default:

7    <u>If such costs and fees are not timely paid, then this Court will find Kucala in</u>
     <u>default</u>, and the Court will enter an order finding that Kucala infringes the
8    Auto Wax patents, and accordingly, the court will grant an injunction
     enjoining Kucala from further sales of Kucala's clay or clay-like product.
9

10   <u>Kucala</u> Attorneys' Fees Order, *3 (emphasis added); <u>see also</u> <u>Bedford v. Neighborhood</u>

11   <u>Connections</u>, 2005 U.S. Dist. LEXIS 13141, *1 (W.D. Wisc. 2005) (ordering plaintiff to

12   pay defendant $350 within two weeks or "this case will be dismissed"); <u>Voskuil v.</u>

13   <u>Environmental Health Center-Dallas</u>, 1999 U.S. Dist. LEXIS 9392, *9-11 (N.D. Tex. 1999)

14   (ordering plaintiff to pay defendant $7,589 in "attorneys' fees for the work necessarily done

15   by Defendants' counsel in bringing the Motion for Contempt, for Sanctions, and Motion for

16   Continuance" within 30 days or her "claims **will be dismissed with prejudice**" (emphasis

17   in original)).  As noted above, in <u>Kucala</u>, the infringement claim was determined to be

18   unaffected by the use of Evidence Eliminator.  <u>Kucala</u> Sanction Order, *19.  Nevertheless,

19   the <u>Kucala</u> court required the default sanction on that claim as well if Kucala did not pay

20   half the attorneys' fees within 21 days (as discussed in footnote 2 above, the <u>Kucala</u> court

21   ordered the terminating sanction on all claims and defenses except the one that was

22   unaffected by the use of Evidence Eliminator).  <u>Id.</u>, *11-12.

23   Here, CCI is requesting an even less drastic measure than that in <u>Kucala</u>.  CCI is

24   requesting that, if Defendants fail to pay the Sanction within 21 days, default be imposed as

25   to <u>those causes of action that were directly affected by Hewitt's intentional destruction of</u>

26

27   _____

     (…continued)
28      the Order, regardless of the outcome at trial.

1    evidence (<u>i.e.</u>, all causes of action except the breach of employment agreement and fraud

2    causes of action).  In the present matter, this Court recognized that because "it is unknown

3    whether those files, which Hewitt was ordered to produce as part of a mirror image, are

4    prejudicial … [s]evere sanctions … are warranted."  Order at 6 (emphasis added).

5    However, the "negative inference" instruction ordered by the Court would not constitute a

6    severe sanction if Hewitt is not required to pay the attorneys' fees sanction promptly.  In

7    fact, such an instruction would be proper even where no willful violation of a discovery

8    order had occurred, <u>e.g.</u>, if Hewitt ran Evidence Eliminator in an effort to destroy evidence

9    <u>before CCI filed its lawsuit or during litigation in the absence of a discovery order</u>, and

10   such was learned through ordinary discovery.  Model Federal Jury Instruction 75-7 (Party's

11   Failure to Produce Evidence) states:

12           You have heard testimony about evidence which has not been produced.
13           Counsel for plaintiff (*or* defendant) has argued that this evidence was in
             defendant's (*or* plaintiff's) control and would have proven facts material
14           to the matter in controversy.

15           <u>If you find that defendant could have produced the evidence, and that the
             evidence was within his or her control, and that this evidence would have
16           been material in deciding among the facts in dispute in this case, then you
             are permitted, but not required, to infer that the evidence would have been
17           unfavorable to the defendant.</u>

18           In deciding whether to draw this inference, you should consider whether
             the evidence not produced would merely have duplicated other evidence
19           already before you.  You may also consider whether the defendant had a
             reason for not producing this evidence, which was explained to your
20           satisfaction.  Again, any inference you decide to draw should be based on
             all the facts and circumstances in this case.

21   Model Federal Jury Instruction 75-7 (emphasis added); <u>Id.</u>, Comment ("Instruction 75-7

22   should be given where circumstances of the non-production manifest bad faith, such as

23   destruction or disappearance"); <u>see</u> <u>Transue v. Aesthetech Corp</u>., 341 F.3d 911, 920-21 (9th

24   Cir. 2003) (determining that the use of this instruction was appropriate where evidence was

25   destroyed not in violation of a discovery order).

26           Certainly, in most instances where a litigant intentionally destroys evidence

27   although not in violation of a discovery order, a court would be inclined to use this

28   instruction to accomplish the same objective set out in the Order, <u>i.e.</u>, to inform the jury that

1   it "may form a negative inference against defendants" and "may infer that the [intentionally

2   destroyed] evidence was damaging to Hewitt and favorable to [CCI]." <u>See</u> Order at 7-8.

3   Thus, the severity (or lack thereof) of the negative inference instruction ordered by the

4   Court here does not appear to be commensurate with the willful violation of a discovery

5   order, making the attorneys' fees component of the Sanction all the more critical.[3]

6   Defendants should not be allowed to evade the Sanction while being permitted to continue

7   on in the case, leaving as the only true sanction a jury instruction that would likely be given

8   even if there were no willful violation of a discovery order. <u>See</u> <u>Kucala</u> Attorneys' Fees

9   Order, *8-9. As such, if Hewitt fails to pay CCI the $145,811.75 within 21 days, default

10  should be imposed.

11        C.     <u>In the alternative, Hewitt should pay half of the attorneys' fees Sanction and</u>

12                <u>post security for the remainder within 21 days.</u>

13       Although CCI's position is that Hewitt should be ordered to comply promptly with

14  this Court's Order and pay the full amount within 21 days, in the alternative and at a

15  minimum, CCI requests that Hewitt be ordered to pay half of the sanction and post security

16  for the remainder of the Sanction within 21 days or suffer default. Pursuant to Eastern

17  District Local Rule 65.1-151(h), this Court "may at any time order a party to give security,

18  bond or undertaking in such amount as the Court may deem appropriate." <u>See</u> <u>also</u> <u>In re</u>

19  <u>Proceedings by Merrill Lynch Relocation Management, Inc.</u>, 812 F.2d 1116, 1121 (9th Cir.

20  1987) (stating that federal courts have the inherent power to impose a security requirement).

21       As discussed above, Defendants' counsel has indicated that payment of the

22

---

23   [3] CCI was entitled to the attorneys' fees Sanction at a minimum for bringing its motion.
Rule 37 requires that the party "whose conduct necessitated the motion…pay to the
24  moving party the reasonable expenses incurred in making the motion, including
attorneys' fees, unless…the opposing party's nondisclosure, response, or objection was
25  substantially justified, or that other circumstances make an award of expenses unjust."
Fed. R. Civ. P. 37(a)(4)(A). "It matters not whether the disobedience is willful, <u>the cost</u>
26  <u>of bringing the violation to the attention of the court is part of the damages suffered by</u>
<u>the prevailing party</u> and those costs would reduce any benefits gained by the prevailing
27  party from the court's violated order." <u>Perry v. O'Donnell</u>, 759 F.2d 702, 705 (9th Cir.,
1985) (emphasis added) (citing <u>Cook</u>, 559 F.2d at 272).
28

1  attorneys' fees Sanction is not forthcoming.  If Hewitt is not ordered to pay the Sanction

2  promptly, requiring Hewitt to post a bond securing the $145,811.75 attorneys' fees

3  Sanction is the only other way to ensure that CCI recovers the Sanction imposed on

4  Defendants for Hewitt's willful destruction of evidence in violation of Magistrate Mueller's

5  discovery order.  Likewise, for the reasons discussed above, if Defendants fail to secure the

6  amount owed, they should not be permitted to proceed to trial; thus, Defendants should

7  suffer default if they fail to pay one-half of the Sanction and post a bond for the remainder

8  within 21 days.

9  III.    <u>CONCLUSION.</u>

10         For the reasons set forth above, CCI respectfully requests that Defendants be

11  ordered (1) to comply promptly with this Court's Order by paying CCI the full amount of

12  the Sanction within 21 days or (2) suffer default on all of CCI's causes of action (except

13  breach of the employment agreement and fraud).  In the alternative, and at a minimum,

14  Defendants should be ordered (1) to comply promptly with this Court's Order by paying

15  half of the Sanction and posting a bond for the remainder within 21 days or (2) suffer

16  default on all of CCI's causes of action (except breach of the employment agreement and

17  fraud).

18  Dated:  July 11, 2005            PILLSBURY WINTHROP SHAW PITTMAN LLP
                                     BENJAMIN L. WEBSTER
19                                   MICHAEL J. DAPONDE
                                     CARRIE L. BONNINGTON
20                                   400 Capitol Mall, Suite 1700
                                     Sacramento, CA  95814-4419
21

22                                   By _____/s/_____ Carrie L. Bonnington

23                                        Attorneys for Plaintiff
                                          COMMUNICATIONS CENTER, INC.
24

25

26

27

28