Robin K. Perkins, SBN 131252
Christopher F. Wohl, SBN 170280
**WOHL SAMMIS & PERKINS LLP**
1006 4th Street, Fourth Floor
Sacramento, California 95814
Telephone: (916) 446-2000
Facsimile: (916) 447-6400

Attorneys for Defendants,
MATTHEW J. HEWITT and
PACIFIC CREST RESEARCH CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMUNICATIONS CENTER, INC.<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW J. HEWITT, and PACIFIC CREST RESEARCH CORPORATION<br><br>Defendants. | CASE NO. CIV-S-03-1968 WBS KJM<br><br>DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO COLLECT MONETARY SANCTIONS<br><br>Hearing Date: Aug. 8, 2005<br>Time: 1:35 P.M.<br>Courtroom: 5<br>Judge: Hon. William B. Shubb |

## I.    INTRODUCTION

Plaintiff Communications Center, Inc. ("CCI") seeks an Order requiring that Defendants Matthew J. Hewitt and Pacific Crest Research Corporation ("Defendants") pay the $145,811.75 sanction ordered by this Court within 21 days. In the alternative, CCI proposes that Defendants pay one-half of the sanction (about $72,905) within 21 days and then obtain a bond or other form of security for the balance. CCI relies heavily on the "second" Kucala Enterprises v. Autowax[1] decision arguing that default should be entered unless Defendants pay $145,811.75 (or

---

[1] Kucala Enterprises v. Autowax Co., Inc. 2004 U.S. Dist. LEXIS 5723, (N.D. Ill, April 6, 2004), which CCI calls the "Kucala Attorneys' Fees Order" followed Kucala Enterprises v. Autowax Co., Inc. 2003 U.S. Dist. LEXIS 19103; 57 Fed. R. Serv. 3d (Callaghan) 501 (N.D. Ill, October 27, 2003), which CCI calls the "Kucala Sanction Order." The "Kucala Sanction Order" decision was cited by Defendants in opposition to CCI's motion for sanctions; the "Kucala Attorneys' Fees Order" was not.

- 1 -

1  alternatively $72,905) within the next 21 days. As discussed below, the subsequent <u>Kucala</u>
2  decision is not only distinguished from the facts of this case, it is also not binding on this Court.
3        Under FRCP Rule 37 an order of default cannot be obtained unless the failure to pay
4  monetary sanctions is due to the obligating party's bad faith or the willful refusal to pay. Both
5  the U.S. Supreme Court and the Ninth Circuit Court of Appeals make clear that CCI cannot
6  obtain an order of default based on Defendants' *inability* to pay $145,811.75 in sanctions[2].
7  Defendants do not have the financial ability to pay CCI $145,811.75 and therefore default cannot
8  be obtained. (Declaration of Matthew J. Hewitt.) CCI's request for default unless it receives
9  payment from Defendants within 21 days must therefore be denied.

## II.    ARGUMENT

### A.    CCI cannot obtain a Default based on Defendants' Inability to pay Sanctions

12        Under FRCP Rule 37 sanctions must be "just" and the severe sanction of default may not
13  be imposed "in the absence of willfulness, bad faith, or fault." (<u>Fjelstad v. American Honda</u>,
14  *supra*, 762 F. 2d 1334, 1340.) Dismissal is an "extreme penalty" and is prohibited "when it is
15  established that failure to comply was due to **inability** rather than willfulness, bad faith or any
16  fault of the party." (<u>Falstaff Brewing Corporation v. Miller Brewing Company et al.</u> *supra*, 702
17  F. 2d 770, 783 quoting <u>Societe Internationale v. Rogers</u>, *supra*, 357 U.S. 197, 212, emphasis
18  added.) Simply put, default cannot be obtained against Defendants due to circumstances beyond
19  their control, such as the inability to pay a monetary sanction. (*Ibid.*)
20        CCI's counsel was truthfully informed that Defendants were financially unable to pay the
21  $145,811.75 sanction upon demand or anytime in the near future. Defendants in this case *are*
22  unable to pay the sanction and *have* provided the Court with evidence showing they cannot pay
23  the $145,811.75 demanded by CCI. For example, Defendant Hewitt and his wife are in the
24  process of filing for bankruptcy protection because their debts exceed their assets. Defendant
25  Hewitt and his wife, who is enlisted in the United States Air Force, live in government housing
26  at Travis Air Force Base and do not own real property in California. While Defendant Hewitt

---

[2] <u>Societe Internationale v. Rogers</u> (1958) 357 U.S. 197, 212; <u>Fjelstad v. American Honda</u> (9th Cir. 1985) 762 F. 2d 1334, 1340; <u>Thomas v. Gerber Production</u> (9th Cir.1983) 703 F.2d 353, 356; <u>Falstaff Brewing Corporation v. Miller Brewing Company et al.</u> (9th Cir. 1982) 702 F. 2d 770.

WOHL
SAMMIS
&PERKINS LLP
ATTORNEYS AT LAW
1006 4th St. Fourth Floor
Sacramento, CA 95814
Phone (916) 446-2000
Fax  (916) 447-6400

and his wife own a home in Spokane, Washington there is insufficient equity to borrow money. Defendant Hewitt also does not have the ability to borrow money to pay CCI. In fact as recently as July 7, 2005 he was denied a consumer line of credit from Advanta Bank Corp. (Declaration of Matt Hewitt.)

Pacific Crest also does not have the ability to pay the CCI sanction and is struggling to keep its doors open. Its liabilities exceed its assets and some creditors remain unpaid. For example, creditor SPSS, Inc. is seeking payment of $56,372.76 for the "computer aided telephone interviewing" software that Defendants obtained but cannot pay. Like Defendant Hewitt, Defendant Pacific Crest is also unable to borrow money to pay CCI. For example, on July 21, 2005 Wells Fargo denied Defendants' application for a Wells Fargo Business Line. (Declaration of Matt Hewitt.)

There is nothing to suggest that Defendants are willfully refusing to pay the monetary sanction or that they are acting in bad faith. Defendants simply do not have the financial ability to pay CCI $145,811.75 within 21 days or within 24 months. If Defendants had the ability to pay CCI, or the ability to borrow money to pay CCI, they would. (Declaration of Matthew J. Hewitt.) Because Defendants' failure to pay is based on their "inability" rather than a bad faith refusal, default cannot be obtained. (Falstaff Brewing Corporation v. Miller Brewing Company et al., supra, 702 F. 2d 770, 783 quoting Societe Internationale v. Rogers, supra, 357 U.S. 197, 212.)

B.   The second Kucala case is Distinguished and is also not Binding

The *second* Kucala decision (i.e., the "Kucala Attorneys' Fees Order" case) that CCI heavily relies on is distinguished from the facts of the instant action. In the "Kucala Attorneys' Fees Order" case, defendant Autowax submitted a declaration in the form of a motion for costs and attorney's fees stemming from the decision rendered against Kucala[3] in the *first* Kucala decision[4]. Apparently the motion for fees and costs was not properly noticed because Kucala did not file any objection with the court. (Kucala Enterprises v. Autowax Co., Inc. 2004 U.S. Dist.

---

[3] Judge Lefkow uses "Kucala" when referring to plaintiff John Kucala and all Kucala entities, which is also adopted by Defendants.

[4] Kucala Enterprises v. Autowax Co., Inc. 2003 U.S. Dist. LEXIS 19103; 57 Fed. R. Serv. 3d (Callaghan) 501, supra.

WOHL
SAMMIS
&PERKINS LLP
ATTORNEYS AT LAW
1006 4th St. Fourth Floor
Sacramento, CA 95814
Phone (916) 446-2000
Fax    (916) 447-6400

LEXIS 5723, *supra*, *3.) Autowax argued that Kucala should have to pay the monetary sanctions as a "precondition to allowing Kucala to proceed any further in this case." (*Id.* *9.) The Magistrate Judge ordered Kucala to pay Autowax $137,811.42 in reasonable attorney's fees and costs "within five days." (*Id.* *4.) Kucala thereafter filed a motion to reconsider the court's order and objected to the amount of the award and also to paying within five days. (*Ibid.*)

District Court Judge Lefkow vacated the Magistrate Judge's order and allowed briefing by the parties on the issues of attorney's fees and costs. (Kucala Enterprises v. Autowax Co., Inc. 2004 U.S. Dist. LEXIS 5723, *supra*, *4.) After considering argument by the parties, Judge Lefkow first reduced the $137,811.42 sought by defendant Autowax down to $93,125.74. (Kucala Enterprises v. Autowax Co., Inc. 2004 U.S. Dist. LEXIS 5723, *supra*, *8.) Judge Lefkow then considered Kucala's claim that payment of $93,125.74 within five days was "unreasonable" and also it also raised "due process concerns." Kucala proposed deferring payment of the sanction to the end of the case. (*Id.* *8-*9.) However, Kucala never claimed the inability to pay the sanction nor did Kucala submit any evidence (such as a supporting affidavit) demonstrating the financial inability to come up with $93,125.74. (*Id.* *10.) Judge Lefkow determined that payment of the entire $93,125.74 would not be a sanction that would "bar Kucala from filing another case in the future" against Autowax. (*Id.* *11.) The Court therefore ordered Kucala to pay one-half of the sanction within 21 days "as a condition to [his] proceeding further in this case" with the other half deferred to the end of the case. (*Id.* *11-*12.)

The "Kucala Attorneys' Fees Order" case is distinguished from the instant action because, unlike the Plaintiff Kucala, Defendants in this case are not prosecuting any claims. Kucala, on the other hand, was ordered to pay one-half of the sanction as a "precondition" to the prosecution of his lawsuit against Autowax. (Kucala Enterprises v. Autowax Co., Inc. *supra*, 2004 U.S. Dist. LEXIS 5723, *11.) In other words, if Kucala wanted to continue with his lawsuit he had to pay Autowax one-half of the sanction. Defendants in this action do not have cross-claims against CCI and have no choice but to defend themselves against claims made by CCI. (Declaration of Matt Hewitt.)

///

WOHL
SAMMIS
&PERKINS LLP
ATTORNEYS AT LAW
1006 4th St. Fourth Floor
Sacramento, CA 95814
Phone (916) 446-2000
Fax (916) 447-6400

- 4 -

The "Kucala Attorneys' Fees Order" is also distinguished from the facts of the instant case because Kucala never claimed he was unable to pay the sanction nor did he provide any evidence "such as a financial statement with a supporting affidavit" demonstrating an inability to pay. (Kucala Enterprises v. Autowax Co., Inc., *supra,* 2004 U.S. Dist. LEXIS 5723, *10.) Judge Lefkow found there was nothing to "demonstrate [Kucala's] impecuniousness." (*Ibid.*) Defendants in this case have demonstrated a good faith inability to pay CCI. As discussed above, Defendant Hewitt is in the process of filing for bankruptcy protection. He cannot borrow against real property nor can he obtain a personal line of credit. Defendant Pacific Crest is also unable to pay the monetary sanction. Pacific Crest debts exceed its liabilities and some creditors are using collection agencies to obtain payment of long overdue debts. Pacific Crest tried to borrow funds but was declined. (Declaration of Matt Hewitt.)

Finally, the "Kucala Attorneys' Fees Order" is not only distinguished from the facts of the instant case but it is also a decision decided in the United States District Court for the Northern District of Illinois, Eastern Division, and which is therefore not binding on this Court. The U.S. Supreme Court and the Ninth Circuit Court of Appeals have both confirmed that a FRCP Rule 37 default sanction cannot be obtained against a defendant due to the mere inability to pay a monetary sanction where no bad faith is shown. (Societe Internationale v. Rogers, *supra,* 357 U.S. 197, 212,; Fjelstad v. American Honda, *supra,* 762 F. 2d 1334, 1340; Thomas v. Gerber Production, *supra,* 703 F.2d 353, 356; and Falstaff Brewing Corporation v. Miller Brewing Company et al., *supra,* 702 F. 2d 770.) Here, in the absence of evidence establishing bad faith refusal to pay monetary sanctions on the part of the defendants, CCI's request for an order mandating default in the event of nonpayment should be rejected. Such an order does not comport with the requirements of Rule 37 or well established federal law interpreting Rule 37.

### III.   CONCLUSION

There is no evidence that Defendants' failure to pay is due to bad faith or willfulness. Under FRCP Rule 37 a default cannot be obtained against Defendants due to inability to pay a $145,811.75 sanction. CCI's reliance on the "Kucala Attorneys' Fees Order" case is not only

///

WOHL
SAMMIS
&PERKINS LLP
ATTORNEYS AT LAW
1006 4th St. Fourth Floor
Sacramento, CA 95814
Phone (916) 446-2000
Fax (916) 447-6400

1 | distinguished but also **not binding on this Court.** CCI's request for default must therefore be
2 | denied in its entirety.

3 | DATED: July 25, 2005.                    **WOHL SAMMIS & PERKINS LLP**

By _____
Christopher Wohl
Attorneys for Defendants

WOHL
SAMMIS
&PERKINS LLP
ATTORNEYS AT LAW
1006 4th St. Fourth Floor
Sacramento, CA 95814
Phone (916) 446-2000
Fax   (916) 447-6400

- 6 -

## PROOF OF SERVICE

I am employed in the County of Sacramento, State of California. I am over the age of 18 years and not a party to the above-captioned matter. My business address is 1006 4th Street, Fourth Floor, Sacramento, California 94814-3314.

On this date, I served the foregoing document described as:

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO COLLECT MONETARY SANCTIONS**

on the parties below by placing a true copy thereof in a sealed envelope and served same on the parties/counsel, addressed as follows:

Michael J. DaPonde, Esq.
Pillsbury Winthrop Shaw Pittman LLP
400 Capitol Mall, Suite 1700
Sacramento, CA 95814-4419

The following is the procedure in which service of this document was effected:

\_\_\_\_ (BY REGULAR MAIL) by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing mail in accordance with this office's practice, whereby the mail is deposited in a U.S. mailbox in the City of Sacramento, California after the close of the day's business.

\_\_\_\_ (BY FACSIMILE TRANSMITTAL) by placing a true copy thereof into **a facsimile** machine addressed to the person, address and facsimile number shown above.

__XX__ (BY PERSONAL SERVICE) by delivering by hand and leaving a true copy with the person and/or secretary at the address shown above.

I hereby declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and this document was executed at Sacramento, California on July 25, 2005.

*/s/ Kendrix Myers*

KENDRIX MYERS

Wohl Sammis & Perkins LLP
Attorneys at Law
1006 4th St. Fourth Floor
Sacramento, CA 95814
Phone (916) 446-2000
Fax (916) 447-6400

- 7 -