UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

COMMUNICATIONS CENTER, INC., a District of Columbia corporation,

       Plaintiff,

  v.

MATTHEW J. HEWITT, an individual; and PACIFIC CREST RESEARCH CORPORATION, a Washington corporation,

       Defendants.

NO. CIV. S-03-1968 WBS KJM

<u>MEMORANDUM AND ORDER RE: MOTION TO ORDER PAYMENT OF MONETARY SANCTIONS UNDER PENALTY OF DEFAULT JUDGMENT</u>

----oo0oo----

The question before the court is what should be done where defendants were ordered to pay attorneys' fees pursuant to a Federal Rule of Civil Procedure 37 sanction and where defendants represent to the court that they will be unable to pay that sanction any time soon.  Plaintiff seeks an order requiring defendants to pay at least half the sanction imposed by this court's order of June 27, 2005 in cash and post a bond for the remainder within 21 days.  Plaintiff further moves the court to

1

impose the penalty of default should defendants not comply with that proposed order.

I. <u>Factual and Procedural Background</u>

Defendant Hewitt was formerly employed by plaintiff Communications Center, Inc. ("CCI"). After his departure, Hewitt started his own business, defendant Pacific Crest Research Corporation. ("Pacific Crest"). Plaintiff alleges that defendants committed fraud, misappropriated trade secrets, interfered with prospective economic advantage, engaged in unfair competition, illegally intercepted communications, and breached confidentiality and confidence. (Compl.). In its prayer for relief in the complaint, plaintiff seeks injunctive and monetary relief. (<u>Id.</u>).

Defendant Hewitt willfully used Evidence Eliminator to eliminate some files on computer hard drives he was under court order to turn over to plaintiff. (June 27, 2005 Order at 3, 5). As a sanction, the court ordered that the parties may present evidence of Hewitt's use of Evidence Eliminator and that the jury may form a negative inference from this behavior. (<u>Id.</u> at 8-9). Further, the court ordered defendants to pay $145,811.75 in attorneys' fees to plaintiff. (<u>Id.</u> at 9).

Defendants inform the court that they are unable to pay the $145,811.75. (Hewitt Decl. in Supp. of Opp'n to Pl.'s Mot. to Collect ¶¶ 2, 3). Defendant Hewitt and his wife, a member of the Air Force, live on Travis Air Force Base. They own one home, in Spokane, Washington, but only have $26,000 in equity in that home. (<u>Id.</u> ¶ 3). Both Hewitt and Pacific Crest are considering filing for bankruptcy. (<u>Id.</u> ¶¶ 2, 3). Hewitt attaches to his

declaration a letter from a collection agency seeking $56,372.76 from Pacific Crest, and two letters denying Hewitt credit. (Id. Exs. A-C). Hewitt declares that if he or Pacific Crest had the ability to pay $145,811.75 presently, the amount would be paid. Hewitt offers to pay monthly installments of $1,000 beginning January 1, 2006. (Id. ¶ 5). Plaintiff disputes defendants' claim of poverty, stating that defendant Pacific Crest produced a sales journal covering the period between January 1, 2004 and September 28, 2004 that shows sales totaling $963,457.96 (Daponde Decl. in Supp. of Mot. to Compel Payment ¶ 2; id Ex. 1 (sales journal).

Plaintiff moves the court to set a definite date by which defendants must pay the fees they owe or suffer default on all causes of action except the causes for fraud and breach of the employment agreement.

II. Discussion

The court notes that plaintiff's motion proposing that the court penalize defendants with default should they not pay promptly is not directly based on any discovery misconduct by defendants. This court has already issued an order sanctioning defendants for their discovery misconduct. (See June 27, 2005 Order). That issue is settled. Plaintiff's motion relies instead on defendants' failure to pay the sanctions they were ordered to pay. Thus, plaintiff essentially requests that the court enter default against defendants for contempt.[1]

---

[1] There is much confusion about this point on the part of plaintiff and defendants. Both cite cases dealing with default under Federal Rule of Civil Procedure 37.

3

In SEC v. Seaboard Corp., 666 F.2d 414 (9th Cir. 1982), the district court, pursuant to Federal Rule of Civil Procedure 37(a), ordered cross-defendant Spellman to produce requested documents, attend a deposition, and pay sanctions of $790. 666 F.2d at 415, 416. "He then gave his deposition, but refused to pay the $790." Id. at 415.[2] The district court struck Spellman's answer to the cross-complaint and entered default judgment against him. Id. Spellman moved to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b), and the district court denied his motion. Id. at 415.

On appeal, the Ninth Circuit held that default was inappropriate, citing Hovey v. Elliott, 167 U.S. 409 (1897), for the proposition that "a court may not strike an answer and enter a default merely to punish a contempt of court." Seaboard, 666 F.2d at 416. The court then noted that Hammond Packing Company v. Arkansas, 212 U.S. 322 (1909), limited the reach of Hovey by holding that "a court had the power to strike an answer and enter default when a party failed to produce evidence." Seaboard, 666 F.2d at 416-17. The court noted that the misconduct of Spellman was the failure to pay the monetary sanction, not any failure to produce evidence, and thus concluded that "the default judgment entered against Spellman was void for want of jurisdiction." Id. at 417.

This court follows Seaboard. There can be no dispute

---

[2] Seaboard does not plainly state that Spellman also produced the requested documents, but implies that he did because the court only mentioned Spellman's failure to pay the $790 in making the decision regarding the appropriateness of the default judgment. See 666 F.2d at 416-17.

4

that defendants currently owe plaintiff $145,811.75.[3]  There may be several ramifications to the existence of that debt.  However, one ramification that does <u>not</u> follow from the existence of the debt is default judgment against defendants.  The court finds that the threat of default judgment in this case for defendants' failure to pay the sanction is not available.[4]

However, plaintiff raises sufficient questions as to defendants' ability to pay to justify an order permitting plaintiff to do further investigation.  This investigation may take the form of, or be similar to, a debtor's exam typically required during bankruptcy proceedings.  The court does not impose a date by which this discovery must be completed.

IT IS THEREFORE ORDERED that plaintiff's motion to impose a date by which defendants must pay the $145,811.75 they currently owe or suffer default be, and the same hereby is, DENIED;

IT IS FURTHER ORDERED that the scheduling order in this case is hereby amended to allow plaintiff to conduct discovery on

///
///
///

---

[3] Hewitt's proposal that defendants be permitted to pay plaintiff $1,000 a month starting January 2006 is rejected.

[4] Plaintiff might argue that this case falls within the <u>Hammond</u> limitation to <u>Hovey</u> in that defendants did not eventually produce the evidence they were ordered to produce.  However, such an argument is really one to reconsider the nature of the sanctions imposed pursuant to Rule 37 in the June 27, 2005 order.  That issue is settled.  What the court is dealing with in this order is defendants' inability to pay the attorneys' fees awarded; the issue is <u>not</u> the appropriate sanction for defendants' underlying misconduct.

5

1 defendants' ability to pay the $145,811.75 as if a judgment had
2 issued on that amount.
3 DATED:  August 9, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

6